IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mary Kay Fry, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No 3:06-1274-CMC-BM |
| vs. | ) | |
| | ) | |
| | ) | |
| American Italian Pasta Company; | ) | **REPORT AND RECOMMENDATION** |
| Elaine Carroll, and Jeff Crisp, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

This action was originally filed in the South Carolina Court of Commons Pleas, Fifth Judicial Circuit, by the Plaintiff, pro se, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981;and the South Carolina Human Affairs Law, S.C.Code Ann. § 15-7-10, et. seq.. Plaintiff asserts three causes of action in her Complaint, as follows: hostile work environment (first cause of action); violation of the right to contract under the Thirteenth Amendment and 42 U.S.C. § 1981 (second cause of action); and disparate treatment on the basis of her race and sex (third cause of action). As Plaintiff's Complaint contains federal causes of action, it was removed to this Court by the Defendants on April 28, 2006.

The natural Defendants Carroll and Crisp have filed a motion for partial dismissal pursuant to Rule 12, Fed.R.Civ.P., seeking dismissal as party Defendants under Plaintiff's first and third causes of action on the grounds that individual employees are not liable for Title VII violations.[1] When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the

---

[1] Plaintiff seeks relief in her first and third causes of action against her employer, the American Italian Pasta Company, as well as against the natural Defendants Carroll (Plaintiff's former supervisor) and Crisp (the company's former human resources manager).



1

Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." <u>Southmark Prime Plus L.P. v. Falzone</u>, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). As the Plaintiff is proceeding <u>pro se</u>, her pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, <u>Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center</u>, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Here, in her response to the motion, Plaintiff does not address these Defendants' argument that they cannot be held liable for a Title VII violation. Rather, she argues that these two Defendants are "material witnesses to the facts of this case and...it would be inappropriate to dismiss them from this cause of action prematurely should this matter go to trial." This argument does not constitute grounds for denial of these Defendants' motion.

The Fourth Circuit Court of Appeals has clearly held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations. <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177, 178-181 (4th Cir. 1988); <u>Baird v. Rose</u>, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; <u>see also</u> <u>Jones v. Tyson Foods, Inc.</u>, 378 F.Supp.2d 705, 708 (E.D.Va. 2004); <u>Hooker v. Wentz</u>, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; <u>Dalton v. Jefferson Smurfit Corp.</u>, 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997). There is also no individual liability under the South Carolina Human Affairs Law.



2

Orr v. Clyburn, 290 S.E.2d 804 (S.C. 1982) [The Human Affairs Law creates no cause of action which would not attach to an employer under Title VII.]. Therefore, Carroll and Crisp are entitled to dismissal as party Defendants under Plaintiff's first and third cuases of action.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' Carroll and Crisp's motion for partial dismissal, dismissing them as party Defendants under Plaintiff's first and third causes of action, be **granted**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 12, 2006



3

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
