IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Mary Kay Fry,

Plaintiff,

vs.

American Italian Pasta Company; Elaine Carroll, and Jeff Crisp,

Defendants,

Civil Action No 3:06-1274-MBS-BM

**REPORT AND RECOMMENDATION**

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Commons Pleas, Fifth Judicial Circuit. As Plaintiff asserts federal causes of action, the case was removed to this Court by the Defendants pursuant to 28 U.S.C. § 1331. In an order entered October 4, 2006, the individual Defendants Carroll and Crisp were dismissed as party Defendants from Plaintiff's first and third causes of action (both asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.,).

The Defendants thereafter filed a motion for summary judgment on all claims pursuant to Rule 56, Fed.R.Civ.P. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 19, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending her case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff failed to file any response to the Defendants' motion, which is now



before the Court for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in her verified Complaint[2] that she is a white female citizen, formerly

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to the (continued...)





employed by the Defendant American Italian Pasta Company (hereinafter "American Italian"). Plaintiff alleges that, because of a medical condition, she had lifting and pushing restrictions limiting her to a maximum of fifty (50) pounds placed on her. Plaintiff alleges that she was initially told not to worry about it by her supervisor, the Defendant Elaine Carroll, but that she was later told during a "peer review" in December 2004 that she needed to bring in written documentation from her physician stating her lifting and pushing limitations. Plaintiff alleges that she was then placed on medical leave on January 5, 2005, and was told that if her condition did not change by February 5, 2005, she would be terminated. Plaintiff was subsequently terminated on February 5, 2005 by Defendant Jeff Crisp, American Italian's Human Resource Manager.

Plaintiff further alleges, that during her period of employment, the Defendant Carroll made "amorous overtures" towards her, which Plaintiff spurned. Plaintiff alleges that because of her rejection of Carroll's sexual advances, and also because Carroll was aware of Plaintiff's intimate relationship with a black male love interest, Carroll purposely sought Plaintiff's job termination.

Plaintiff's claims in this case include hostile work environment/quid pro quo sexual harassment in violation of Title VII (first cause of action - against the Defendant American Italian); race discrimination in violation of 42 U.S.C. § 1981 (second cause of action - against all three named Defendants); and quid pro quo sexual harassment in violation of Title VII (third cause of action - against the Defendant American Italian)[3]. Defendants assert that they are entitled to

[2](...continued)
motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3]Since Plaintiff's first and third causes of action both apparently assert quid pro quo sexual (continued...)





summary judgment on all three of these claims as well as any disparate treatment claim that may be being asserted, and after review of the evidence and arguments submitted, and particularly in light of Plaintiff's failure to submit any evidence or arguments in support of her allegations, the undersigned is constrained to agree.

**I.**

First, Plaintiff has failed to submit any evidence sufficient to create a genuine issue of fact as to whether she was subjected to an actionable hostile work environment. To establish a hostile work environment claim, Plaintiff must present evidence to prove the following elements: 1) she was subjected to unwelcome conduct in a work related setting; 2) the conduct complained of was based on her sex; 3) the conduct was sufficiently severe or pervasive to alter her condition of employment and to create an abusive work environment; and 4) the conduct was imputable on some factual basis to her employer. Ocheltree v. Scollon Productions, Inc., 308 F.3d 351, 356 (4th Cir. 2002), rehearing en banc, 335 F.3d 325 (4th Cir. 2003), cert. denied, 124 S.Ct. 1406 (2004); Spicer v. Com.of Va. Dep't of Corrections, 66 F.3d 705, 710 (4th Cir. 1995); Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999). Same sex harassment is actionable under Title VII; Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998); and for purposes of summary judgment only, the Defendant American Italian does not contest that Plaintiff may have been subjected to unwelcome

[3](...continued)
harassment claims, while her first cause of action also asserts a hostile work environment claim, the Defendant has addressed Plaintiff's allegations as three separate claims in its motion for summary judgment: hostile work environment, race discrimination in violation of § 1981, and quid pro quo sexual harassment. Defendants also discuss a possible disparate treatment claim, assuming Plaintiff may have intended to assert such a claim. In the absence of any response or contrary argument from the Plaintiff, the undersigned has also addressed Plaintiff's allegations as being these four claims.





conduct in a work related setting, and that at least some of the conduct complained of was based on Plaintiff's sex. Defendant does argue, however, inter alia, that Plaintiff has failed to present evidence to show that any unwelcome conduct to which she was subjected was sufficiently severe or pervasive to alter her condition of employment and create an abusive work environment. Again, the undersigned agrees.

According to the evidence presented to this Court, Plaintiff's hostile work environment claim is based on only a few incidents, of which even a smaller number could actually be considered "hostile" in nature. Three of these incidents involved the Defendant Carroll asking Plaintiff over for dinner, which Plaintiff herself characterized as "just...friendly invitation[s] to come to dinner". Plaintiff's Deposition, pp. 36-37. Even if Plaintiff did later come to believe that Carroll's dinner invitations were in fact sexual advances; see Plaintiff's Deposition, p. 38; they do not support a hostile work environment claim. *Cf.* Harris v. Forklift Systems, 510 U.S. 17, 21-22 (1993) ["[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation"].

Three other incidents involved Plaintiff being asked out by male co-workers, once by an individual named "Jason" in July or August 2004, and twice by a co-worker named "Tony" in May 2004 and again in June 2004. However, Plaintiff conceded that the invitation from Jason contained nothing that she would regard as lewd, sexually suggestive or offensive. Plaintiff's Deposition, pp. 34-35. See Norris v. City of Anderson, 125 F.Supp.2d 759, 769 (D.S.C. 2000) ["Since Plaintiff's allegation contains no [gender] animus, it cannot be used to support [her] hostile work environment claim"]. While the invitations from Tony could properly be characterized as





being more aggressive in nature (Plaintiff testified that Tony told her she smelled "like a lollipop", and that he wanted to "lick [her]"), he never touched the Plaintiff or used any profanity around her, and Plaintiff never complained to management about Tony asking her out. See Plaintiff's Deposition, pp. 30-34. Again, this conduct is not sufficient to establish an abusive work environment sufficient to support a hostile work environment claim. Guidry v. Zale Corp., 969 F.Supp. 988, 990 (M.D.La. 1997) [isolated comments do not constitute severe or pervasive conduct]; Cram v. Lamson & Sessions, 49 F.3d 466, 474 (8th Cir. 1995) [sporadic or casual comments are unlikely to support a hostile environment claim]; *cf.* Weiss v. Coca-Cola Bottling Co., 990 F.2d 333, 337 (7th Cir. 1993) [finding that a male co-worker's conduct consisting of several incidents of unwanted touching, attempts to kiss, placing "I love you" signs in work area, and asking a female employee out on dates did not create a hostile work environment.].

The final incident alleged by Plaintiff to have created a hostile work environment was a confrontation she had with a co-employee named "Frank" in March 2004, during which Frank called her a "stupid fucking bitch [who didn't] know how to do anything in here." Plaintiff's Deposition, pp. 23-24. However, Plaintiff herself described this incident as a "verbal assault", not sexual harassment. Further, when she reported Frank's comment to management, he was fired that same day. Plaintiff's Deposition, pp. 25, 28. Again, this alleged conduct was not sufficiently severe or pervasive to create an abusive work environment under the applicable caselaw, and was therefore not sufficient to allow Plaintiff to survive summary judgment on this claim. See Hopkins v. Baltimore Gas & Electric Co., 77 F.3d 745, 754 (4th Cir. 1996) ["Title VII was not designed to create a federal remedy for all offensive language and conduct in the work place."]; Guidry, 969 F.Supp. at 990 [isolated comments do not constitute severe or pervasive conduct]; Bolden v. PRC,





Inc., 43 F.3d 545, 551 (10th Cir. 1994), cert. denied, 516 U.S. 826 (1995) ["General harassment if not racial or sexual is not actionable"].

Since Plaintiff has failed to present sufficient evidence to create an issue of fact with respect to whether the conduct alleged was sufficiently severe or pervasive to create an abusive work environment to survive summary judgment, her hostile work environment claim should be dismissed.

**II.**

With respect to Plaintiff's quid pro quo claim, in order to establish this claim Plaintiff must show that 1) she belongs to a protected group; 2) she was subjected to unwelcome sexual harassment; 3) the harassment complained of was based on her sex; 4) her reaction to the harassment affected tangible aspects of her compensation, terms, conditions, or privileges of employment; and 5) the Defendant knew or should have known of the harassment and took no effective remedial action. Reinhold v. Commonwealth of Virginia, 135 F.3d 920, 931 (4th Cir. 1998), opinion withdrawn on other grounds and superseded on rehearing by, 151 F.3d 172 (4th Cir. 1998); Johnson v. Runyon, No. 96-1920, 1998 WL 372473, at **4 (4th Cir. June 8, 1998); Smith v. City of North Charleston, 401 F.Supp.2d 530, 536 (D.S.C. 2005). None of the evidence just discussed is sufficient to establish the elements of this claim.

Plaintiff never complained to management about Tony and Jason's having asked her out, and the incident with Frank was, by Plaintiff's own admission, not sexual in nature.[4] As for the dinner invitations Plaintiff received from Carroll, her supervisor, Plaintiff herself did not even consider these dinner invitations sexual harassment at the time, and Plaintiff further testified that she

[4]In any event, when Plaintiff complained about Frank's conduct, he was immediately fired.





did not regard the invitations as harassment. Plaintiff's Deposition, pp. 37, 40. Further, there is no evidence to show that Carroll played any role in the decision to terminate Plaintiff's employment. See Crisp Affidavit, ¶¶ 3-7; Plaintiff's Deposition, pp. 94-95. Rather, the evidence before the Court shows that Plaintiff was terminated from her employment by the Defendant Crisp, and there is no evidence that Crisp even knew about Carroll's alleged dinner invitations. Plaintiff's Deposition, pp. 94-95. Therefore, there is no evidence that Plaintiff's rejection of Carroll's dinner invitations played any role in her termination, an essential element of her quid pro quo sexual harassment claim. This claim is without merit and should be dismissed.

**III.**

To the extent Plaintiff is also claiming that she was treated disparately, this claim would appear to rest on her allegation that a similarly situated male co-worker who had more severe medical lifting and pushing restrictions than did the Plaintiff was allowed to remain at work, while she was terminated.

Disparate treatment cases under Title VII require proof of intentional discrimination, either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Plaintiff has not offered any direct evidence of sex discrimination in her termination.[5] Under the alternative McDonnell Douglas analysis, which allows for the use of indirect evidence of

[5]Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-549 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996); Black's Law Dictionary, 460 (6th Ed. 1990) (citing State v. McClure, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974); see Williams v. General Motors Corp., 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).





discrimination to prove a case, Plaintiff must first establish a prima facie case of discrimination. Once a prima facie case has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff. Once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. If the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that her employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the Defendant were really based on Plaintiff's gender. McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs, 450 U.S. at 252-256; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991).[6]

In order to set forth her prima facie case of disparate treatment, Plaintiff must establish the following: (1) that she is a member of a protected class; (2) that she was qualified for her job and her job performance was satisfactory; (3) that she was subjected to an adverse employment action; and (4) that similarly situated employees outside of her protected class received more favorable treatment, or there is some other evidence giving rise to an inference of unlawful discrimination. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995); Moore v. City of Charlotte, 754 F.2d 1100, 1105-1106 (4th Cir. 1985).[7] Defendant does not contest for purposes of summary judgment that Plaintiff

[6]Despite these shifting burdens of production, however, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

[7]The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged. Ennis v. National Ass'n of Business and Educational

(continued...)





is a member of a protected class and that she suffered an adverse employment action. However, Defendant argues that no evidence has presented to establish the other elements of Plaintiff's prima facie case, and that her disparate treatment claim should therefore be dismissed.

First, Defendant notes that it is undisputed in the evidence that Plaintiff was unable to perform the essential lifting, pushing and pulling requirements of her job. Plaintiff's Deposition, p. 64 and Exhibit 4; see also Crisp Affidavit, ¶¶ 2 and 6, and Exhibit B. Further, even assuming that Plaintiff was similarly situated to the male employee referenced in Plaintiff's Complaint, the evidence shows that that male's employee's work related medical restriction was of a definite duration, while Plaintiff's was of an indefinite duration, meaning that there was no expectation Plaintiff would ever be able to resume the essential functions of her job. See Plaintiff's Deposition, pp. 67-68, 101; Crisp Affidavit, ¶ 8, and Exhibit B. There is no evidence before the Court to show that, if Plaintiff's condition had been of a definite duration, as was the male employee's, she would not have received the same treatment he received. Therefore, Plaintiff has failed to present evidence to show that she could satisfactorily perform her job, that the male employee received more favorable treatment, or that there is any basis to discern a discriminatory motive in her termination. In order to survive summary judgment, Plaintiff needs to have evidence that she was terminated because of a discriminatory motive. Whether or not the Defendant may have made an incorrect or even unfair decision is not the issue when determining whether evidence of unlawful discrimination exists. Jamil v. Secretary Dep't of Defense, 910 F.2d 1203, 1207-1208 (4th Cir. 1990); Holder v. Raleigh, 867 F.2d 823, 828 (4th Cir. 1989); Crowley v. Prince George's County, 890 F.2d 683, 687

[7](...continued)
Radio, Inc., 53 F.3d 55, 58(4th Cir. 1995).





(4th Cir. 1989), cert. denied, 111 S.Ct. 101 (1992); McCollum v. Bolger, 794 F.2d 602, 610 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987); see generally Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1323, n. 4 (11th Cir. 1982); Jones v. Orleans Parish School Board, 679 F.2d 32, 38 (5th Cir. 1982), cert. denied, 461 U.S. 951 (1983); North Carolina Dep't of Corrections v. Gibson, 301 S.E.2d 78, 85 (N.C. 1983). Plaintiff's disparate treatment claim is without merit.

**IV.**

As for Plaintiff's claim against the Defendants, including the two individual Defendants, under § 1981,[8] this claim requires proof that the Defendants "intended to discriminate [against the Plaintiff] on the basis of [her] race, and that the discrimination interfered with a contractual interest." Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).

The standards applicable to lawsuits under § 1981 are basically the same as the standard applicable to lawsuits under Title VII. Therefore, the same caselaw is used to evaluate a claim under either statute. See Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1050 (8th Cir. 2002) [”In analyzing a claim...under section 1981, we apply the same standards as in a similar Title VII claim.”]; Long v. First Union Corp. of Virginia, 894 F.Supp. 933, 945 (E.D.Va. 1995); Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997). However, as was the case with Plaintiff's gender based Title VII claims, Plaintiff has presented no evidence to give rise to a genuine issue of fact as to whether her termination was due to her race (or, as set forth in her Complaint, due to her

[8] The main difference between Title VII claims and claims brought under § 1981 is that individual liability is possible under § 1981. Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997); *cf.* Lissau v. Southern Foods Serv., Inc., 159 F.3d 177, 180-181 (4th Cir. 1998). As noted, Plaintiff has named two individuals in this lawsuit who she claims violated her rights under § 1981, in addition to the Defendant Company.





romantic relationship with an African-American[9]).

Plaintiff testified that while she was employed at American Italian she never witnessed any comments or behavior from any employee of the Defendant Company indicating disapproval of inter-racial relationships, or that specifically either Crisp or Carroll ever gave her any indication that they disapproved of inter-racial relationships. Plaintiff's Deposition, pp. 44, 104-105, 107. Plaintiff further admitted that she had no evidence to show that Crisp, the individual who made the decision to terminate her, even had any knowledge of her romantic relationship with an African-American. Plaintiff's Deposition, pp. 43-44.

In sum, Plaintiff has presented no evidence to give rise to an inference of unlawful discrimination in her termination, or to set forth any violation of § 1981. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) ["unsubstantiated allegations" are insufficient to defeat summary judgment]; *cf.* Cook v. CSK Transp. Corp., 988 F.2d 507, 513 (4th Cir. 1993) ["[U]nsupported allegations do not establish a prima facie case of race discrimination...."]. Therefore, Plaintiff's claim under § 1981 should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary

[9]A claim for discrimination based on one's relationship with a person of another race is cognizable under § 1981. See Fiedler v. Maramusco Christian School, 631 F.2d 1144, 1149 (4th Cir. 1980); Parr v. Woodman, 791 F.2d 888, 890 (11th Cir. 1986); Swick v. UPS, No. 02-3254, 2005 WL 1793723, *6 (D.N.J. July 26, 2005)





judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 19, 2007





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



